**Kenneth L. WATTELET, individually and as Personal Representative of the Estate of Linda A. Wattelet, deceased; Olive C. Wattelet; and Julia Heikes, Plaintiffs,**

v.

**TOYOTA MOTOR CORPORATION and Toyota Motor Sales, United States of America, Inc., Defendants.**

**No. CV–85–054–GF.**

United States District Court, D. Montana, Great Falls Division.

April 27, 1987.

John C. Hoyt, Great Falls, Mont., Lawrence A. Goldberg, Beverly Hills, Cal., for plaintiffs.

Ronald A. Bender, Worden, Thane & Haines, P.C., Missoula, Mont., and Bowman & Brooke, Minneapolis, Minn., for defendants.

## ORDER

HATFIELD, District Judge.

The above-entitled action is presently before the court on defendants Toyota Motor Corporation and Toyota Motor Sales' ("Toyota") motion for partial summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. Jurisdiction vests with this court pursuant to 28 U.S.C. § 1332.

On August 4, 1983, the 1980 Toyota Corolla driven by Kenneth Wattelet was involved in an accident in which all four occupants of the Wattelet vehicle, the plaintiffs herein, sustained serious injuries. In fact, one passenger, Linda Wattelet, died 23 days later as a result of her injuries. Thereafter, plaintiffs filed this products liability action against Toyota, alleging the 1980 Toyota Corolla was defective and unreasonably dangerous because it was not crashworthy and did not provide adequate protection for its occupants.

One of the alleged defects upon which plaintiffs predicate their claim for relief is the failure of the defendants to equip the 1980 Toyota Corolla with air bags. Defendants have moved for partial summary judgment on plaintiffs' "air bag claim."[1] After careful consideration, the court is prepared to rule.

The primary issue before the court is whether a state law tort claim for uncrashworthiness based upon the lack of air bags is preempted, either expressly or impliedly, by federal law.[2]

For some 15 years, the United States Government has directly and expressly regulated the use of air bags in automobiles in this country. *Vanover v. Ford Motor Co.,* 632 F.Supp. 1095, 1096 (E.D.Mo.1986). In 1966, Congress enacted the National Traffic and Motor Vehicle Safety Act (the "Safety Act"), directing the Secretary of Transportation (the "Secretary") to prescribe Federal Motor Vehicle Safety Standards that "meet the need for motor vehicle safety." 15 U.S.C. § 1392.

In 1974, Congress expressly prohibited the Transportation Department from requiring air bags or any other non-belt safety system unless the Secretary first (a) followed special hearing procedures and (b) provided both houses of Congress an opportunity to review the proposed requirement. 15 U.S.C. §§ 1410b(b)-(d). Furthermore, Congress expressly preempted attempts by states to establish safety standards different from a Federal Motor Vehicle Safety Standard governing the same vehicle feature. 15 U.S.C. § 1392(d). Apparently, Congress intended that there should be but one set of national standards to assure the safety of motor vehicles. *See,* S.Rep. No. 1301, 89th Cong., 2nd Sess. (1966), U.S.Code Cong. & Admin.News 1966, p. 2709.

Toyota argues, *inter alia,* that the Safety Act impliedly preempts a state common law tort rule permitting recovery for the

---

1. Although labeled as a motion for partial summary judgment, defendants' motion may be more accurately characterized as a motion in limine to preclude plaintiffs from relying on the defendants' failure to install air bags in its 1980 Toyota Corolla.

2. Defendants further contend that no duty exists, under Montana products liability law, requiring them to install air bags in their vehicles. The court declines to address this issue in that the federal preemption issue is controlling.

absence of air bags. This court agrees, and joins the majority of jurisdictions in holding the purpose of the Safety Act would be entirely frustrated by permitting individual states to adopt tort rules which would permit liability to be imposed upon manufacturers because of the absence of air bags. *See, Cox v. Baltimore County,* 646 F.Supp. 761 (D.Md.1986); *Baird v. General Motors Corporation,* 654 F.Supp. 28 (N.D.Ohio, 1986); *Hughes v. Ford Motor Company,* (D.Conn.1986) (Magistrate's recommendation), *aff'd.,* 677 F.Supp. 76 (D.Conn.1987); *Evers v. General Motors Corporation,* No. 81–1108–CIV–T–GC (M.D.Fla. August 3, 1984), *aff'd.* on other grounds, 770 F.2d 984 (11th Cir.1985); *Vasquez v. Ford Motor Company,* No. CIV 86–0657–PHX–WPC (D. Arizona November 18, 1986) [Available on WESTLAW, 1986 WL 18670], *aff'd.,* No. CIV 86–0657–PHX–WPC (D.Ariz. Feb. 19, 1987).

A tort rule which would expose automobile manufacturers to monumental liability for not installing air bags in their products would necessarily have the effect of forcing the manufacturers to install air bags despite the express direction of Congress that no such requirement is to be imposed without express congressional approval. *Cox v. Baltimore County, supra,* 646 F.Supp. at 764.

Accordingly, for the reasons cited herein,

IT IS HEREBY ORDERED that defendants' motion for partial summary judgment dismissing plaintiffs' "air bag claim" is GRANTED.